UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERERS HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HINDS BROS. COMPANY, INC.,<br><br>Defendant. | Case No. 3:15-cv-02387-JD<br><br>**ORDER RE MOTION FOR SUMMARY JUDGMENT ON LIQUIDATED DAMAGES**<br><br>Re: Dkt. No. 25 |

Plaintiffs allege that defendant Hinds failed to make required contributions to employee benefit plans for the months of February and April 2015. Dkt. No. 1 ¶ 13. Under the trust agreements, employers who fail to make timely contributions are liable for liquidated damages on the unpaid principal. *Id.* ¶ 12. Plaintiffs sought the required contributions, unpaid as of the time of filing, as well as liquidated damages for payments made but made untimely before May 2015. *Id.* ¶ 15.

At the second case management conference, the Court advised the parties to file for summary judgment on the issue of liquidated damages alone. Dkt. No. 24. Hinds filed a motion, Dkt. No. 25, plaintiffs opposed it, Dkt. No. 27, and the Court took the matter under submission pursuant to Civil Local Rule 7-1(b). In the opposition, plaintiffs represented that since their filing of the complaint, Hinds had continued to make untimely contributions. Dkt. No. 27 at 11. Consequently, the questions presented are whether Hinds must pay: (1) liquidated damages for contributions unpaid as of the time of the complaint's filing; (2) liquidated damages for late contributions paid by the time of filing; and (3) liquidated damages for late contributions after the time of filing.

When a trust agreement provides for liquidated damages, and a trust fiduciary obtains a judgment in favor of the plan, the Employment Retirement Income Security Act of 1974 ("ERISA") provides that liquidated damages are mandatory as to contributions unpaid as of the time of filing. 29 U.S.C. § 1132(g)(2); *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989). Liquidated damages are available "notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions themselves." *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 258 (9th Cir. 1996) (citations omitted).

District courts in our circuit largely agree that Section 1132(g)(2) also makes mandatory liquidated damages for payments made late after the time of filing. To find otherwise would require trust fiduciaries to file successive suits to obtain liquidated damages. *See, e.g.*, *Roofers Local Union No. 81 v. Wedge Roofing, Inc.*, 811 F. Supp. 1398 (N.D. Cal. Sept. 11, 1992); *Bd. of Trs. of Sheet Metal Workers Health Care Trust of N. Cal. v. Bridon, Inc.*, No. C-95-1240-MHP, 1995 WL 573701, at *3 (N.D. Cal. Sept. 19, 1995); *Bay Area Painters v. Alta Specialty*, No. C06-06996-MJJ, 2008 WL 114931, at *4 (N.D. Cal. Jan. 10, 2008). Consequently, plaintiffs can recover liquidated damages under ERISA for both (1) unpaid contributions as of filing and (3) late contributions after filing.

ERISA does not, however, mandate liquidated damages for (2) late contributions paid by time of filing. For those contributions, the terms of the trust agreement's liquidated damages provision control. Such a provision is enforceable if (1) the harm of breach is "very difficult or impossible to estimate" and (2) the damages are "a reasonable forecast of just compensation for the harm caused." *Idaho Plumbers*, 875 F.2d at 217. District courts have consistently found that the first prong is satisfied by untimely contributions to trusts. Enforceability turns on the second prong, which requires "some indication that the liquidated damages provision is a good faith attempt to set an amount reflective of anticipated damages." *Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796, 798 (9th Cir. 1990).

Whether the provision at issue was such a good-faith attempt is a genuine dispute of material fact. Plaintiffs have offered some evidence of a liquidated damages study undertaken 14

years prior to the suit and reviewed by the parties to the trust agreements. *See* Dkt. No. 27, Exh. N. That is enough to create a fact dispute and deny summary judgment. The Court also notes that Hinds' summary judgment papers -- including an unauthorized "supplemental brief" -- often raise points far outside the domain of the motion, *see* Dkt. No. 25 at 2, 5-6, which also cuts against summary judgment against defendants. The motion is denied.

**IT IS SO ORDERED.**

Dated: September 22, 2017

JAMES DONATO
United States District Judge