United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERERS HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HINDS BROS. COMPANY, INC.,<br><br>Defendant. | Case No. 3:15-cv-02387-JD<br><br>**ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 46 |

Plaintiff Board of Trustees of the Northern California Plasterers Health and Welfare Trust Fund, and other related parties ("Trusts"), moved for summary judgement. Dkt. No. 46. Plaintiffs contend they are entitled to liquidated damages for contributions that were paid, but in an untimely manner, by defendant Hinds Bros. Company ("Hinds") prior to the filing of the original complaint in May 2015. Dkt. No. 49. While their initial motion brief is titled a "motion for summary judgment," Dkt. No. 46, the Trusts subsequent filing said that they had filed for "partial" summary judgment, Dkt. No. 49. The Court grants the motion.

**BACKGROUND**

Plaintiffs are union multi-employer benefit plans to whom employers make contributions pursuant to certain -- Local Union No. 66 and Local Union No. 300 -- collective bargaining agreements ("CBAs"). Dkt. No. 44 ¶ 3. Defendant Hinds is engaged in lathing and plastering work in Sonoma County and is a signatory to the CBAs. *Id.* ¶¶ 6-12. The owner, Scott Hinds, declares he signed the "Plasterers Agreement" in 2000. Dkt. No. 47-1 ¶ 2. Plaintiffs allege that defendant has either failed to make the required contributions or, as relevant here, made untimely payments to the Trusts. Dkt. No. 44 ¶¶ 13-14.

This is the second time the Court has been presented with this question. At a case management conference, defendant was advised to file a motion for summary judgment on liquidated damages. Dkt. No. 24. The resulting briefing presented three questions: "whether Hinds must pay: (1) liquidated damages for contributions unpaid as of the time of the complaint's filing; (2) liquidated damages for late contributions paid by the time of filing; and (3) liquidated damages for late contributions after the time of filing." Dkt. No. 29 at 1. The Court held "plaintiffs can recover liquidated damages under ERISA for both (1) unpaid contributions as of filing and (3) late contributions after filing." *Id.* at 2. The Court concluded that "ERISA does not, however, mandate liquidated damages for (2) late contributions paid by time of filing," and that "the terms of the trust agreement's liquidated damages provision control" that question. *Id.*

## LEGAL STANDARDS

Summary judgment is appropriate when no genuine issue exists as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material if it might affect the outcome of the suit such that a finding of that fact is necessary and relevant to the proceeding. *Id.*

A trust agreement's liquidated damages provision is enforceable as a matter of law if it meets the test established by our circuit in *Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors*, 875 F.2d 212 (9th Cir. 1989). The test is whether (1) the harm of breach is "very difficult or impossible to estimate" and (2) the damages are "a reasonable forecast of just compensation for the harm caused." *Id.* at 217. *Idaho Plumbers* also voids unreasonable stipulated damages provisions on public policy grounds. *Id.* at 218.

## DISCUSSION

The first step of the *Idaho Plumbers* test is met since the harm to the trusts is difficult to estimate. This Court has previously recognized that district courts "have consistently found that the first prong is satisfied by untimely contributions to trusts." Dkt. No. 29 at 2. This is because when "an employer is delinquent in paying contributions into a fringe benefit trust fund, the fund suffers some kinds of harms that are very difficult to gauge." *Bd. of Trs. v. Udovch*, 771 F. Supp.

1044, 1049 (N.D. Cal. 1991). For example, untimely payments require the fund to redistribute resources, including working hours, in order to ensure that payments are collected and that benefits can be paid out.

The second step of our circuit's test requires the liquidated damages provision to be a "reasonable forecast of just compensation for the harm caused." *Idaho Plumbers*, 875 F.2d at 217. This portion of the inquiry looks to the "parties' intentions" and requires that they made "a good faith attempt to set an amount equivalent to the damages they anticipate." *Id.*; *see also Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796, 798 (9th Cir. 1990).

The liquidated damages provision of the CBA is enforceable because the parties intended it to compensate for the harms they anticipated would be caused by untimely payments. The best evidence of parties' intentions is the contract itself. The Local Union No. 300 CBA declares that delinquent employers "shall be assessed, by way of liquidated damages, for the additional expense resulting from the delinquency, and not as a penalty, ten percent (10%) of the amount due and unpaid or $200.00, whichever is greater." Dkt. No. 46-3 at ECF p. 16. The Local Union No. 66 CBA contains very similar language. Dkt. No. 46-6 at ECF p. 34. These contracts strongly indicate that the parties who drafted the liquidated damages provisions were considering how to compensate the Trusts for the harm that results from late payments.

Other courts have found similar contractual language to be dispositive of the second step in *Idaho Plumbers*. *See, e.g.*, *Tr. of Bricklayers Local No. 3 Pension Tr. v. Huddleston*, No. 10-cv-1708-JSC, 2013 WL 2181532, at *6 (N.D. Cal. May 20, 2013). Another court upheld the enforceability of the Local Union No. 66 CBA at issue in this case because the textual evidence "supports an inference that the parties made a good faith effort to establish a liquidated damages rate that would be a reasonable forecast of just compensation when entering into the agreement." *Bd. of Trs. of the N. Cal. Plasterers Health and Welfare Tr. Fund v. Davidson Plastering, Inc.*, No. 15-cv-2386-PJH (DMR), 2016 WL 2937462, at *6 (N.D. Cal. Mar. 22, 2016) (internal quotation and citation omitted), *report and recommendation adopted*, 2016 WL 2913544 (N.D. Cal. May 19, 2016).

The liquidated damages in this case, 10% of the contributions owed, or $200, whichever is greater, are not unreasonable by the standards of *Idaho Plumbers*. Dkt. No. 46-1 at 19. In that case, the circuit panel relied on, and approvingly cited, the Seventh Circuit's decision in *United Order of American Bricklayers and Stone Masons Union No. 21 v. Thorlief Larsen and Son, Inc.*, 519 F.2d 331, 337 (7th Cir. 1975), which had enforced a 10% liquidated damages provision as reasonable.

Defendant does not dispute any of the relevant facts. While Hinds raises the decision in *Lemos Concrete Construction, Inc. v. Laborers Health and Welfare Trust Fund for Northern California*, No. 97-04229-MHP, as something of a defense, that case is neither controlling authority, nor does it persuasively point to different result. *See* Dkt. No. 25-2, Ex. C. In *Lemos*, there was no evidence that the parties had considered the anticipated harms of untimely payments when they formed the contract -- there were only "hindsight studies." *Id.* at ECF p. 17. That is not the case here where there is dispositive evidence that the parties to the agreements have engaged in a good faith attempt to estimate anticipated damages.

## CONCLUSION

Summary judgment on liquidated damages is granted in favor of plaintiffs. They are entitled to liquidated damages for untimely payments, but payments ultimately made, before the filing of the original complaint in May 2015.

**IT IS SO ORDERED.**

Dated: September 3, 2019

JAMES DONATO
United States District Judge

4